UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAREN EARL RIDLEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-460-GSL-AZ |
| RON NEAL, *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Daren Earl Ridley, a prisoner without a lawyer, is proceeding in this case on two claims related to his stay in administrative housing Cell D-209 between May 2022 and November 2022. As relevant here, Ridley is proceeding against Lieutenant Dejuan Lott, Sergeant Dorrell Bass, and Caseworker Bessie Leonard "in their personal capacity for money damages for housing him in a cell infested with mice and insects between May 2022 and November 2022 in violation of the Eighth Amendment[.]" [DE 14 at 9].[1] Specifically, the Court concluded in its screening order that Ridley could proceed on his allegations that he was exposed to unsanitary conditions in Cell D-209 between May 2022 and November 2022, but that Ridley's allegations before May 2022 (including claims relating to the conditions of Cell D-422) fell outside the statute of limitations. [*Id.* at 3-5]. The defendants filed a Motion for Partial Summary Judgment [DE 36], arguing Ridley

---

[1] Ridley is also proceeding against Caseworker Leonard, Unit Team Manager Pamela Bane, ISP Executive Assistant Mark Newkirk, Unit Team Manager Elizabeth Goodwin, Director of Classification Derek Christian, Deputy Warden Dawn Buss, and Warden Ron Neal "in their personal capacity for money damages for denying him Due Process protections in connection with his detention in long-term segregation between May 2022 and November 2022[.]" [DE 14 at 9]. The defendants do not currently seek summary judgment on this claim.

did not exhaust his administrative remedies with regard to his conditions-of-confinement claim before he filed this lawsuit. Ridley filed a response and the defendants filed a reply. [DE 40-43]. The defendants' summary judgment motion is now fully briefed and ripe for ruling.

## Legal Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d

2

979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*.

## Discussion

The defendants argue Ridley did not exhaust his available administrative remedies because he never fully exhausted any grievance related to the conditions of his confinement in Cell D-209 between May 2022 and November 2022. [DE 37 at 5]. Specifically, the defendants provide evidence showing the following facts:

The Offender Grievance Process allows an inmate to submit a grievance complaining correctional officers are housing him in a cell with unsanitary conditions. *See* [DE 36-2 at 3] (providing that "actions of individual staff" and "any other concerns relating to conditions of care or supervision within the Department" are matters appropriate to the Offender Grievance Process). Alternatively, the Offender Grievance Process does not allow an inmate to submit a grievance requesting he be released from segregated housing. *See* [DE 36-2 at 4] (providing that "Classification actions or decisions" such as "change in security level, facility transfers, and bed moves" are matters inappropriate to the Offender Grievance Process, as "a separate classification appeals process is in place for this purpose").

Between May 2022 and October 2022, Ridley submitted five grievances requesting that he be released from segregated housing. [DE 36-1 at 5]; [DE 36-4 at 1-14]. For each of

3

these five grievances, the grievance office returned the grievance to Ridley with an explanation that bed moves are not a matter appropriate to the Offender Grievance Process. [*Id.*]; *see* [DE 36-2 at 4]. Ridley only submitted grievances requesting that he be released from segregated housing, and did not make any effort to submit a grievance complaining he was being exposed to unsanitary conditions in Cell D-209. [DE 36-1 at 5]. Ridley's allegation that he was being exposed to unsanitary conditions in Cell D-209 was an appropriate matter for the Offender Grievance Process, but Ridley never properly submitted any grievance related to this allegation. [DE 36-1 at 5-6]; *see* [DE 36-2 at 3].

In his response, Ridley concedes he never fully exhausted any relevant grievance related to the conditions of his confinement in Cell D-209 between May 2022 and November 2022. The Court therefore accepts that as undisputed. Instead, Ridley argues his administrative remedies were unavailable because he attempted to submit a grievance but never received any receipt or response from the grievance office.

Specifically, Ridley provides evidence showing the following facts: On March 19, 2022, Ridley attempted to submit a grievance complaining he was being exposed to unsanitary conditions in Cell D-422 ("March 19 grievance"). [DE 40-1 at 1]. On March 29, 2022, Ridley submitted a "Request for Interview" form to his counselor informing her that he had not received any receipt or response to his March 19 grievance. [*Id.* at 2]. Ridley alleges he never received any response to his March 19 grievance or his March 29 Request for Interview form.

In their reply, the defendants note that Ridley was only granted leave to proceed in this lawsuit on the claim that he was exposed to unsanitary conditions in Cell D-209

4

and was denied leave to proceed on his claim he was exposed to unsanitary conditions in Cell D-422. The defendants argue Ridley's March 19 grievance complained only that he was exposed to unsanitary conditions in Cell D-422, and was unrelated to Ridley's claim he was exposed to unsanitary conditions in Cell D-209, as he was not transferred to that cell until April 7, 2022. Ridley does not dispute that he was transferred to cell D-209 on April 7, 2022. Therefore, Ridley's March 19 grievance necessarily related only to the conditions in Cell D-422, and was unrelated to his claim he was exposed to unsanitary conditions in Cell D-209.

Here, as noted in the Court's screening order, Ridley is only proceeding in this case on a claim that he was exposed to unsanitary conditions in Cell D-209 between May 2022 and November 2022. The undisputed facts show Ridley never fully exhausted any grievance related to that claim. Rather, Ridley submitted five grievances between May 2022 and November 2022, but each of these five grievances were properly rejected by the grievance office because Ridley requested as relief that he be released from restrictive housing. *See* [DE 36-4 at 2, 5, 10, 12, 14]; [DE 36-2 at 4] (providing that "Classification actions or decisions" such as "change in security level, facility transfers, and bed moves" are matters inappropriate to the Offender Grievance Process, as "a separate classification appeals process is in place for this purpose."). Ridley could have submitted a grievance complaining he was being subjected to unsanitary conditions in Cell D-209 and requesting proper relief, but he did not do so. *See* [*Id.* at 3] (providing that "[a]ny other concerns relating to conditions of care or supervision within the Department" are matters appropriate to the Offender Grievance Process). And in his response to the summary

5

judgment motion, Ridley only provides evidence that he attempted to submit a grievance complaining of the unsanitary conditions in Cell D-422, which is distinct from his claim in this lawsuit that he was subjected to unsanitary conditions in Cell D-209.[2] *See Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint"); *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (noting the PLRA's exhaustion requirement is designed to provide the prison with notice of the problem and an opportunity to fix it); *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner only satisfies the exhaustion requirement if he gives prison officials "notice of, and an opportunity to correct, a problem"). Because Ridley's March 19 grievance did not put the prison on notice of any unsanitary conditions in Cell D-209, Ridley cannot rely on that grievance to exhaust his claim in this lawsuit.

Accordingly, the defendants have met their burden to show Ridley had available administrative remedies he did not exhaust before filing this lawsuit, as he never properly submitted any grievance complaining he was exposed to unsanitary conditions in Cell D-422 between May 2022 and November 2022. Therefore, summary judgment is warranted in favor of the defendants on Ridley's conditions-of-confinement claim.

## Conclusion

For these reasons, the Court:

(1) **GRANTS** the defendants' Motion for Partial Summary Judgment [DE 36];

---

[2] As noted above, the Court concluded in its screening order that Ridley's claim that he was subjected to unsanitary conditions in Cell D-422 is time-barred. [DE 14 at 3-5].

6

(2) **DISMISSES** Lieutenant Dejuan Lott and Sergeant Dorrell Bass from this lawsuit entirely; and

(3) **REMINDS** the parties this case is now proceeding only on Ridley's remaining claim against Caseworker Bessie Leonard, Unit Team Manager Pamela Bane, ISP Executive Assistant Mark Newkirk, Unit Team Manager Elizabeth Goodwin, Director of Classification Derek Christian, Deputy Warden Dawn Buss, and Warden Ron Neal in their personal capacity for money damages for allegedly denying him Due Process protections in connection with his detention in long-term segregation between May 2022 and November 2022.

SO ORDERED on January 14, 2026

                                              s/Gretchen S. Lund
                                              JUDGE
                                              UNITED STATES DISTRICT COURT